**SANJAY S. SCHMIDT (State Bar No. 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1686 Second St., Suite 219
Livermore, California 94550
Telephone:    (925) 215-7733
Facsimile:    (925) 455-2486
sanjay.schmidt@gmail.com

Attorney for Plaintiff Yesenia Jimenez

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| YESENIA JIMENEZ, | Case No. 1:13–CV–01200–LJO–SMS |
| Plaintiff, | |
| vs. | **SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
| CITY OF CERES, a municipal corporation, CERES POLICE OFFICERS Frederico Ortiz, Jr., Individually, Brian Albonetti, Individually, CERES POLICE SGT. Patrick Crane, in his individual and official capacities, COUNTY OF STANISLAUS, CORRECT CARE SOLUTIONS, LLC., and DOES 1 THROUGH 50, Jointly and Severally, | |
| Defendants. | |

1. 42 U.S.C. § 1983 – Civil Rights Violations
2. 42 U.S.C. § 1983 – Civil Rights Violations
3. 42 U.S.C. § 1983 – Unlawful Customs, Policies, Habits, or Procedures
4. California Constitution, Article I, § 13
5. California Civil Code § 52.1 (b) – State Civil Rights Violations
6. Assault and Battery
7. False Arrest
8. False Imprisonment
9. Intentional Infliction of Emotional Distress
10. Negligence
11. Negligent Hiring, Supervision, and Retention
12. 42 U.S.C. § 1983 – Civil Rights Violations
13. Government Code section 845.6— Failure to Summon Medical Care

Plaintiff, by and through her attorney, the LAW OFFICE OF SANJAY S. SCHMIDT, for her Complaint against Defendants, states the following:

## JURISDICTION

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, & 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988.  This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, Article I, § 13 of the California Constitution, and the laws of the State of California.

2.    Plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to hear and decide claims arising under state law.

3.    Venue is proper, pursuant to 28 U.S.C. § 1391 (e)(2), because the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

4.    Plaintiff Yesenia Jimenez is a citizen of the United States, a competent adult, and a resident of the City of Modesto.

5.    At all times mentioned herein, Defendants Frederico Ortiz, Jr. (hereafter "Ortiz"), Brian Albonetti (hereafter "Albonetti"), Patrick Crane (hereafter "Crane"), and DOES 1 through 30, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant CITY OF CERES Police Department ("CPD") and acted under color of state law.  The Defendants named above and DOES 1 through 30 are sued in their individual capacities.  Defendant Crane is, in addition to being sued in his individual capacity, also sued in his capacity as a supervisor of the other individually named CITY OF CERES Police Department Defendants.

6.    Defendant CITY OF CERES is a public entity, existing under the laws of the State of California, and is the employer of the individual defendants named above.

7.     At all times mentioned herein, DOES 31-40, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant COUNTY OF STANISLAUS and acted under color of state law.  Defendant COUNTY OF STANISLAUS is a public entity, existing under the laws of the State of California, and is the employer of DOE Defendants 31-40 that were working at the Stanislaus County Women's Jail (the "Public Safety Center") on the date and at the time in question, who tortiously acted or omitted to act, who have not yet been identified.

8.     Defendant CORRECT CARE SOLUTIONS, LLC. (hereafter "CCS") is registered with the California Secretary of State as a Limited Liability Company and is the employer of DOE Defendants 41-50 that were working at the Public Safety Center on the date and at the time in question, who tortiously acted or omitted to act, who have not yet been identified.

9.     The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

10.     Plaintiff alleges, on information and belief, that each of the Defendants sued herein was negligently, wrongfully, and/or otherwise responsible in some manner for the events and happenings hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

11.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed, believes,

and thereon alleges that each of the Defendants herein gave consent, aid, and/or assistance to each of the remaining Defendants, and/or ratified and/or authorized the acts or omissions of each Defendant as alleged in the causes of action applicable to such Defendant herein, except as may be hereinafter otherwise specifically alleged.  At all material times relating to the causes of action in which a Defendant is named, each such Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harms and losses to Plaintiff.

12.     The acts and omissions of all CPD Defendants,[1] as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the Ceres Police Department or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, in lieu of polices, practices, and procedures that should have been in place.

13.     At all material times, each CPD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

14.     The acts and omissions of all COUNTY OF STANISLAUS Defendants, to be named later when their identities are ascertained, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the Stanislaus County Sheriff's Office or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, in lieu of polices, practices, and procedures that should have been in place.

15.     At all material times, each COUNTY OF STANISLAUS employee acted under color of the laws, statutes, ordinances, and regulations of the State of California.

16.     A proper and timely tort claim was presented to both the CITY OF CERES and the COUNTY OF STANISLAUS on behalf of Plaintiff Yesenia Jimenez, pursuant to Government Code section 910 et seq.; this action was thereafter timely filed within all applicable statutes of limitation.

---

[1] Wherever "CPD Defendants" are referenced, both named and DOE Defendants are included.

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**          4

17.     This complaint may be pled in the alternative, pursuant to Rule 8 (d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

18.     Plaintiff re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

19.     The events described herein occurred on or about August 10, 2012 – August 11, 2012.[2] On or about August 10, 2012, Defendants Ortiz, Albonetti, Crane, and a female officer or trainee (hereinafter interchangeably referred to as "Jane Doe" or included as one of the DOE Defendants) allegedly responded to a call regarding a party at or near 3401 McGee Rd., Ceres, California.

20.     Plaintiff Jimenez was outside, in the area to which Defendants responded and uttered a phrase, expressing disapproval of the police; this was overheard by at least Defendant Ortiz.

21.     Consequently, Plaintiff Jimenez was contacted by Defendant Ortiz in a retaliatory fashion, who grabbed Ms. Jimenez by her wrist and pulled her towards him; Defendant Ortiz directed his attention toward Plaintiff as a result of Plaintiff's exercise of her free speech rights.

22.     Defendant Ortiz immediately restrained Plaintiff Jimenez's liberty, grabbing her, issuing orders, exerting physical control over her, and taking action to place handcuffs on her.

23.     Plaintiff objected to Defendant Ortiz's conduct, in response to which Defendant Ortiz exerted his authority and force on the person of Ms. Jimenez via threats, and/or coercion, and/or intimidation by bending her wrist and exerting other physical force.  Defendant Ortiz placed Plaintiff Jimenez in handcuffs.

---

[2] Based on the information presently available to Plaintiff, it appears that the events giving rise to this action occurred just before midnight on August 10, 2012 and after 12:00 a.m. on August 11, 2012.

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**          5

24.     In a tortious, constitutionally violative, and threatening, and/or coercive, and/or intimidating fashion, Defendant Ortiz violently grabbed Ms. Jimenez's right arm, pulled on it, and slammed her body onto his police car, inflicting excruciating pain and proximately causing a comminuted, grossly angulated and displaced fracture of the right distal humeral shaft in Ms. Jimenez's right arm.

25.     Despite the fact a female officer or trainee was present, Defendant Ortiz conducted a search of Ms. Jimenez's person.  Defendant Ortiz then tortiously and/or recklessly and/or maliciously, and through threats, and/or coercion, and/or intimidation placed Ms. Jimenez, with her injured arm, into the backseat of his police car.

26.     At the time of the above-described violations, Defendants Albonetti, Crane, and Jane Doe were close by and aware of Defendant Ortiz's conduct and, therefore, were in a position to stop or prevent the tortious and constitutionally violative conduct by Defendant Ortiz, but failed to do so.

27.     In his capacity as a supervisor, Defendant Crane failed to properly supervise Defendant Ortiz at the scene of the above-described violations.

28.     Plaintiff Jimenez, immediately after the injuries were inflicted, and thereafter repeatedly, informed Defendant Ortiz and any other officers present, including Defendant Crane, that Defendant Ortiz had severely injured and/or broken her arm. Plaintiff Jimenez's arm was clearly injured because she had to hold it up with her left arm.

29.     Defendant Ortiz, after wrongfully detaining, arresting, and severely injuring Plaintiff, booked Plaintiff into the Stanislaus County Jail/Public Safety Center (hereafter "Jail"), where Plaintiff continued to complain about the pain and discomfort she was experiencing in her right arm.

a.      Upon being taken into the Jail, Plaintiff came into contact with, in addition to the STANISLAUS COUNTY Jail staff, a nurse that was employed by CCS.  At the time of Plaintiff's booking, on or about August 11, 2012, CCS contracted with STANISLAUS COUNTY to provide medical care at the Public Safety

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**          6

Center.  Plaintiff was seen by a nurse that was employed by Correct Care Solutions, upon being booked into the Jail.

b.   When first arriving at the Jail, Plaintiff's broken arm was causing her excruciating pain, when she came into contact with the nurse employed by Defendant CCS.  Plaintiff verbally, through statements and sounds one makes when they are in pain, such as moans, and non-verbally, through body language and facial expressions, expressed the severe, excruciating, and unbearable pain and discomfort she was experiencing as a result of having had her arm broken and pleaded with the nurse for medical attention.  Plaintiff explained to the CCS nurse that her arm really hurt badly, that it was broken, that she needed to have it looked it by a doctor, needed to go to the hospital, needed medical care, was extremely worried about the injury, and needed medication for the severe and unbearable pain she was experiencing.  Ms. Jimenez, moaning, was not able to even hold up her injured arm on her own; she was using her left arm as a makeshift splint.  Ms. Jimenez was holding up her right arm with her left arm right in front of the CCS nurse, who was in a position to see this and who did in fact see this.

c.   Plaintiff told the CCS nurse that her arm was really hurting, that she believed her arm must be broken, and that she was not able to move it all; Plaintiff expressly told the CCS nurse that she could not even move her arm around and hold it up on her own; she told the CCS nurse and showed the CCS nurse that she had to hold it up with her other arm.  Plaintiff was moaning in pain and was outwardly exhibiting her pain through facial expressions and verbal and non-verbal conduct that would make it apparent to anybody present who has the ability to see, perceive, and comprehend human behavior that Plaintiff was experiencing an extremely painful and serious injury in her right arm that required examination, immediate medical attention, pain treatment, and

stabilization; Plaintiff's lack of range of motion and inability to hold her arm up indicated a medical need that, if left untreated, would result in the wanton and needless infliction of pain, as well as the risk of further injury.  Plaintiff was experiencing the symptoms, effects, and lack of mobility associated with a highly comminuted, grossly angulated and displaced fracture of the right distal humeral shaft.  This is an injury that requires surgery and internal fixation with hardware.

d.  There was no articulated or articulable medical reason for the CCS nurse needlessly depriving Plaintiff of pain management treatment, of evaluative treatment, and of any stabilization for her arm, nor was there any such articulated or articulable reason for needlessly endangering Plaintiff by exposing Plaintiff to further injuries or aggravation of her broken arm.

e.  The CCS nurse could visually observe the need for a splint or some other such medical device to stabilize and elevate Plaintiff's broken arm, but intentionally and purposefully made the decision to deprive Plaintiff of such a device, electing instead to require that Plaintiff continue to have to use her left hand/arm to hold up her broken right arm.  While doing this, Plaintiff's facial expressions and moans showed severe discomfort, sharp pain, and anxiety.

f.  The CCS nurse was made aware of and in fact was aware of the anxiety Plaintiff was experiencing over her injury, in addition to the unbearable pain and discomfort itself; the CCS nurse made the callous decision to intentionally permit Plaintiff to remain in anxiety about the nature and extent of her obviously injured arm.

g.  The CCS nurse clearly entertained a subjective awareness of Plaintiff's pain level, symptoms, the need for an evaluation, and the need for a splint or some other stabilizing device, as well as of the severity of Plaintiff's injury because Plaintiff informed the CCS nurse of her injury and the CCS nurse was not deaf,

was not wearing a hearing aid, and was not blind; the CCS nurse clearly heard Plaintiff's complaints and statements (including that she believed her arm was hurting very badly, that she was in extreme pain, and that her arm was broken) and clearly saw the outward manifestations of Plaintiff's excruciating pain and observed the fact Plaintiff could not hold her arm up on her own.

h.  The CCS nurse wholly ignored Plaintiff's complaints and the above-described statements and outward manifestations of a severe injury; the CCS nurse refused to inspect Plaintiff's arm or refer Plaintiff for medical treatment.  Instead, the CCS nurse conducted a cursory, brief, and obligatory visual inspection – without even touching Plaintiff's arm and, in an indifferent fashion and without offering any explanation whatsoever to Plaintiff, concluded that Plaintiff was okay to be booked into the Jail.

i.  The CCS nurse completely ignored Plaintiff's complaints, completely ignored Plaintiff's statement that her arm was broken, completely ignored Plaintiff's request for medical attention, completely ignored Plaintiff's request for pain medication, completely ignored Plaintiff's inability to raise her broken right arm, and completely ignored Plaintiff's pleas for medical care.

j.  Plaintiff pleaded with the CCS nurse for medical care because Plaintiff was extremely concerned about her arm and was in unbearable pain, but the CCS nurse decided to ignore Plaintiff's pleas.  The CCS nurse decided to permit Plaintiff to continue suffering and decided to permit Plaintiff to experience needless pain and anxiety.

k.  The CCS nurse was in a position to make a decision as to whether Plaintiff should be provided immediate medical care or not and intentionally and purposefully, through inaction and indifference, made the decision between the various alternatives available to her to deny Plaintiff any medical care whatsoever, visually observing Plaintiff's pain and injury (and hearing

Plaintiff's complaints) and then consciously deciding to permit Plaintiff to suffer; instead, the CCS nurse elected to permit Plaintiff to remain in pain, knowing this would not only deny Plaintiff any treatment, since the CCS nurse was the person that had likely been vested (at least in part) with the discretion to provide or recommend treatment, but also knowing this would delay the eventual medical treatment that Plaintiff would inevitably require, given the obvious and apparent gravity of Plaintiff's injury.

l.   The CCS nurse was clearly aware of Plaintiff's pain, injury, and anguish and exhibited a clear subjective awareness of this to Plaintiff by acknowledging having heard Plaintiff's statements (and, as noted above, was not hearing or visually impaired); the CCS nurse also stated and/or implied to Plaintiff that she drew the inference that a substantial risk of permitting Plaintiff to suffer in excruciating pain, as well as a substantial risk of serious harm to Plaintiff's broken arm, existed.  Yet, the CCS nurse decided to callously disregard that risk and decided to permit Plaintiff to suffer in pain, to wait for an unknown time to receive medical care, and to permit the serious risk of further injury to exist.

m.  The CCS nurse refused to spend any significant time with Plaintiff either and, instead, only obligatorily spent about five (5) minutes with Plaintiff, refusing to even conduct any medical evaluation and refusing to consider Plaintiff's complaints, Plaintiff's pleas for medical attention, Plaintiff's pain, and Plaintiff's inability to hold her right arm up and stabilize it (except by using her left arm).

n.   The CCS nurse purposefully refused to conduct any evaluation and, thus, purposefully refused and elected not to exercise any medical judgment whatsoever; the CCS nurse did not make a selection between alternative diagnostic techniques or forms of treatment.  The CCS nurse, in a deliberately indifferent fashion, decided to forego any diagnosis and any treatment

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**        10

whatsoever.  The CCS nurse had no basis upon which to come to any conclusion at all about whether any technique or form of treatment was indicated because the CCS nurse refused to listen to Plaintiff's complaints and refused to even spend enough time or conduct any substantive evaluation upon which any such conclusion or decision could have been based.  The CCS nurse articulated no reason whatsoever to Plaintiff as to why the CCS nurse decided to deprive Plaintiff of any medical care and, instead, decided to permit Plaintiff to continue to suffer.

o.   When Plaintiff was being finger-printed at the Jail, she told the Jail staff that she was unable to move her right arm the way she was being asked to move it, was unable to lift her arm up, and was forced to grab her right arm and lift it up with her left arm.  Plaintiff was in extreme pain and was making facial expressions and was outwardly exhibiting this pain.

p.   The CCS nurse administered no care, failed to recommend any care, and failed to cause any care to be summoned; there was no care at all, so it was not a question of whether the CCS nurse was monitoring the quality of care provided.

q.   In an effort to obligatorily and hurriedly get through what likely was a checklist of tasks required of the CCS nurse to process inmates like cattle, the CCS nurse, after ignoring the above-described symptoms, complaints, and requests, proceeded to ask Ms. Jimenez an irrelevant list of questions, before terminating her contact with her.  The CCS nurse made it clear she was more interested in getting through her checklist than addressing any of Plaintiff's obvious medical needs.

r.   The above-described facts show that the CCS nurse had actual and constructive knowledge that Ms. Jimenez needed immediate medical care for evaluation, for pain, for stabilizing and elevating her broken arm, for preventing further injury to her arm, and for avoiding the needless infliction of suffering and anxiety by

Plaintiff.  The CCS nurse and all others present at the Jail at the time of Plaintiff's complaints and visual manifestations of injury and pain knew and also had reason to know of these needs for immediate medical care, but intentionally and purposefully failed to summon such care for Plaintiff.

s.   After Plaintiff's brief and obligatory contact with the CCS nurse, she was taken to a chair outside of a cell.  Plaintiff asked the Jail deputy several times for medical care and still had to hold up and try to stabilize her right arm with her left arm, but her requests were denied and she was told "just give us a couple of minutes – they're on a break"; Ms. Jimenez told the STANISLAUS COUNTY deputies on duty several times that her arm was broken, repeated herself, and was complaining about being in severe pain and needing medical attention, all the while having to try to stabilize her broken right arm with her left.  Plaintiff alleges that these additional complaints and requests were communicated to the CCS nurse or other CCS personnel that were on duty at the time of Plaintiff's incarceration, but the CCS nurse and/or other personnel, as before, continued to callously and indifferently ignore these pleas and requests.

t.   At one point, when Ms. Jimenez was permitted to make a phone call, she could not reach the normal phone, due to her broken arm; consequently, she had to use a phone that was on a desk, which was lower.  This was visible to anyone with a vantage point of this area, including the CCS nurse.

30.   Despite having the above-described injuries, the nurse on duty at the Public Safety Center failed to summon and/or administer proper medical care to Plaintiff or to take other action to cause or enable Plaintiff to obtain immediate medical care.

31.   Ms. Jimenez made several requests for medical assistance while at the jail, but STANISLAUS COUNTY personnel and CCS personnel failed to take reasonable action to summon such medical care, despite the fact that STANISLAUS COUNTY and/or CCS personnel knew or had reason to know Plaintiff was in need of immediate medical care.

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**      12

32.     Upon being released from the Stanislaus County Jail/Public Safety Center, Plaintiff Jimenez promptly sought medical care for her severely injured right arm.  X-Rays were taken, which revealed a comminuted fracture of the distal humeral shaft.  The medical personnel that saw Plaintiff and had the X-Rays taken were quite surprised and appalled that Plaintiff had been deprived of treatment and had not been immediately seen, in view of the gravity of the injuries she was presenting with.  The medical personnel saw no reasonable medical explanation or rationale for depriving Plaintiff of care.

33.     The injuries proximately inflicted by Defendant Ortiz were characterized as "extremely severe" and, thus, required immediate surgery; consequently, Ms. Jimenez had to undergo an invasive, complicated, and risky surgical procedure on or about August 14, 2012.

34.     Defendant Ortiz – with the ratification of Defendant Crane – attempted to secure criminal charges against Ms. Jimenez, with the hope that Ms. Jimenez would incur a criminal conviction, so that he could try to shield himself from civil liability for the injuries he inflicted.

35.     The Stanislaus County District Attorney reviewed the case forwarded by Defendants Ortiz and Crane and declined to file any criminal charges against Ms. Jimenez.

36.     At all material times and, alternatively, the actions and omissions of each defendant were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights, and/or negligent.

37.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff Yesenia Jimenez sustained the following injuries and damages, past and future, including, but not limited to:

    a.  Economic damages, including, but not limited to, out of pocket expenses, loss of income, and loss of earning capacity;

    b.  Ambulance, Hospital, and medical expenses;

    c.  Severe emotional distress, fear, anxiety, humiliation, indignity, and loss of liberty;

    d.  All legally cognizable special and general damages;

    e.  Violations of state and federal constitutional rights; and,

    f.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, subdivision (b), and as otherwise allowed under California and United States statutes, codes, and common law.

1

## CAUSES OF ACTION

2

### FIRST CAUSE OF ACTION

3

**-- 42 U.S.C. § 1983 --**
**AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, AND DOES 1-10**

4

5

38.     Plaintiff re-alleges and incorporates by reference each and every allegation

contained in Paragraphs 1 through 37 above, as though fully set forth herein.

6

7

39.     By the actions and omissions described above, Defendants ORTIZ, CRANE,

ALBONETTI, and DOES 1-10 violated 42 U.S.C. § 1983, depriving Plaintiff of the following

8

9

well-settled constitutional rights that are protected by the First and Fourteenth[3] Amendments to

the U.S. Constitution:

10

    a.  The right to express criticism of the government and government officials and/or
        to question a public official as to the proper performance of their duties, as
        secured by the First and Fourteenth Amendments; and,

11

    b.  The right to be free from government conduct and/or the exercise of discretion
        by a government official that is in retaliation and response to the exercise of free
        speech, as secured by the First and Fourteenth Amendments.

12

13

40.     The failure to intervene, prevent, or stop the First Amendment violations on the

14

part of any Defendant CPD officers, such as Defendant Albonetti, and/or DOE Defendants,

15

and/or supervisors, such as Defendant Crane, that were in a position to do so when such

16

violations occurred renders such Defendant(s) liable for these violations.

17

41.     Defendants' retaliatory exercise of discretion, and/or authority, and/or force in

18

response to Plaintiff's expression of criticism and exercise of free speech contravened

19

Plaintiff's constitutional rights guaranteed by the First Amendment to the U.S. Constitution

20

because the action would chill or silence a person of ordinary firmness from future First

21

Amendment activities and Defendants' desire to cause the chilling effect was a but for cause of

22

Defendants' action, for which Defendants are liable either directly or via their failure to

23

24

[3] The Fourteenth Amendment is referenced because the First Amendment is applicable to the
States via the Fourteenth Amendment, pursuant to the doctrine of incorporation; the Fourteenth

25

Amendment is not referenced as a separate, substantive basis for constitutional rights
violations.

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**     14

intervene.

42.    To the extent Defendant Sgt. Crane or any other supervisors knew or had reason to know of Defendant Ortiz and any other named or Doe officer's constitutionally violative conduct, as alleged above—or their propensity to engage in such conduct—Sgt. Crane and/or other supervisors failed to prevent the unconstitutional acts of said Defendant or Defendants and failed to properly supervise, thus rendering Sgt. Crane and/or others liable directly and in his/their capacity as a supervisor.

43.    As a proximate result of the foregoing wrongful acts, Plaintiff Yesenia Jimenez sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiffs is, therefore, entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

44.    In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ortiz and Crane, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought against the CITY OF CERES.

**SECOND CAUSE OF ACTION**
**-- 42 U.S.C. § 1983 --**
**<u>AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, AND DOES 1-10</u>**

45.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 44 above, as though fully set forth herein.

46.    By the actions and omissions described above, Defendants ORTIZ, CRANE, ALBONETTI, and DOES 1-10 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth[4] Amendments to the U.S. Constitution:

---

[4] The Fourteenth Amendment is referenced because the Fourth Amendment is applicable to the States via the Fourteenth Amendment, pursuant to the doctrine of incorporation; the Fourteenth

a. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from the use of unlawful and/or unreasonable force; and,

c. The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments.

47.     The failure to intervene, prevent, or stop the Fourth Amendment violations on the part of any Defendant CPD officers, such as Defendant Albonetti, and/or DOE Defendants, and/or supervisors that were in a position to do so when such violations occurred renders such Defendant(s) liable for these violations.

48.     The detention and arrest of Plaintiff, in addition to the unreasonable and excessive force used on Plaintiff, was done in violation of Plaintiff's constitutional rights guaranteed by the Fourth Amendment to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene.  As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

49.     To the extent Defendant Sgt. Crane or any other supervisors knew or had reason to know of Defendant Ortiz and any other named or Doe officer's constitutionally violative conduct, as alleged above—or their propensity to engage in such conduct—Sgt. Crane and/or other supervisors failed to prevent the unconstitutional acts of said Defendant or Defendants and failed to properly supervise, thus rendering Sgt. Crane and/or others liable directly and in his/their capacity as a supervisor.

50.     As a proximate result of the foregoing wrongful acts, Plaintiff Yesenia Jimenez sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiffs is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

51.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ortiz, Crane, and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and

Amendment is not referenced as a separate, substantive basis for constitutional rights

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**          16

by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought against the CITY OF CERES.

### THIRD CAUSE OF ACTION
### -- 42 U.S.C. § 1983 --
### AGAINST DEFENDANTS CITY OF CERES AND DOES 20-30

52.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 51 above, as though fully set forth herein.

53.   Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named CPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the CPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY OF CERES and/or the CPD:

> d.   Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,
> e.   Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as free speech rights and/or seizures of citizens and/or the use of force; and/or
> f.   "Hurt a person – charge a person," pursuant to which if an officer wrongly hurts a person, the officer will seek to secure the filing of a criminal charge against the person; the officer seeks the filing of such charges with the belief that a conviction will prevent the person from suing for their injuries that were wrongfully inflicted by the officer.  Tolerating or condoning "hurt a person – charge a person" encourages officers to use excessive force.

54.   In the alternative, upon information and belief, Defendant CITY OF CERES may have instituted policies or training addressing some or all the topics listed above, but have either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

55.   The above-described customs, policies, practices, and/or procedures of the CPD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional

violations.

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**          17

rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

56.     As a proximate result of the foregoing customs, polices, practices, and/or procedures of the CPD, or the lack or inadequacy thereof, Plaintiff sustained injuries and damages as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.  Plaintiff's only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection from Defendants' unlawful policies and practices.  Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendant CITY OF CERES.

**FOURTH CAUSE OF ACTION**
**-- Cal. Const., Art. I, § 13 --**
**AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, AND DOES 1-30**

57.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 56 above, as though fully set forth herein.

58.     The seizure of Plaintiff, in addition to the use of unreasonable and/or excessive force against Plaintiff, violated Plaintiff's rights under the California Constitution, Article I, § 13, thereby entitling Plaintiff to damages.

59.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

60.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ortiz, Crane, and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought against the CITY OF CERES.

//
//
//

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**     18

## FIFTH CAUSE OF ACTION
## -- Cal. Civ. Code § 52.1 (b) --
## AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, AND DOES 1-30

61.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above, as though fully set forth herein.

62.     By the actions and omissions described above, Defendants ORTIZ, CRANE, ALBONETTI, and DOES 1-30 violated and/or interfered with Plaintiff's state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

63.      The violations included depriving Plaintiff of the following well-settled constitutional rights that are secured by the U.S. Constitution, California Constitution, and California law:

   a.  The right to express criticism of the government and government officials and/or to question a public official as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;
   b.  The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;
   g.  The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;
   h.  The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;
   i.  The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13; and,
   j.  The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

64.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

65.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants Ortiz, Crane, and DOES acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**          19

trial against these individual Defendants; no punitive damages are sought against the CITY OF CERES.

### SIXTH CAUSE OF ACTION
### -- ASSAULT AND BATTERY --
### AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, CITY OF CERES, AND DOES 1-30

66.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 65 above, as though fully set forth herein.

67.     The acts of Defendant Ortiz, described above, constitute assault and battery, entitling Plaintiff to damages pursuant to California law.  Additionally, the assault and battery of Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

68.     The aiding and abetting and/or failure to intervene and/or failure to prevent these acts gives rise to liability on the part of the other individually named and/or DOE Defendants.

69.     Defendant CITY OF CERES is liable under California Government Code § 815.2 for the assaults and batteries, committed within the course and scope of the named Defendants' employment.

70.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.  No punitive damages are sought against the City.

### SEVENTH CAUSE OF ACTION
### -- FALSE ARREST --
### AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, CITY OF CERES, AND DOES 1-30

71.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 70 above, as though fully set forth herein.

72.     By the acts of Defendants Ortiz, Crane, Albonetti, and Does 1-30, alleged herein, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law.  Additionally, the false arrest of Plaintiff was in retaliation for the exercise of

Plaintiff's First Amendment rights.

73.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of the other individually named and/or DOE Defendants.

74.     Defendant CITY OF CERES is liable under California Government Code § 815.2 for the false arrest, committed within the course and scope of the named Defendants' employment.

75.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities.  No punitive damages are sought against the City.

**EIGHTH CAUSE OF ACTION
-- FALSE IMPRISONMENT --
AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, CITY OF CERES,
AND DOES 1-30**

76.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 75 above, as though fully set forth herein.

77.     By the acts of Defendants Ortiz, Crane, Albonetti, and Does 1-30 alleged herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.  Additionally, the false imprisonment of Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

78.     The aiding and abetting and/or failure to intervene and/or failure to prevent this imprisonment gives rise to liability on the part of the other individually named and/or DOE Defendants.

79.     Defendant CITY OF CERES is liable under California Government Code § 815.2 for the false imprisonment, committed within the course and scope of the named Defendants' employment.

80.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and

compensatory damages in an amount to be proven at trial, as well as punitive damages against

Defendants in their individual capacities.  No punitive damages are sought against the City.

**NINTH CAUSE OF ACTION**
**-- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS --**
**AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, CITY OF CERES,**
**AND DOES 1-30**

81.    Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1 through 80 above, as though fully set forth herein.

82.    Defendants intentionally performed acts that resulted in the infliction of

emotional distress upon Plaintiff.  The Defendants' tortious conduct resulted in Plaintiff

suffering severe emotional distress with attendant physical manifestations, thereby entitling

Plaintiff to damages pursuant to California law.  Additionally, the infliction of emotional

distress upon Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

83.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries

and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and

compensatory damages in an amount to be proven at trial, as well as punitive damages against

Defendants in their individual capacities.  No punitive damages are sought against the City.

**TENTH CAUSE OF ACTION**
**-- NEGLIGENCE --**
**AGAINST DEFENDANTS ORTIZ, CRANE, ALBONETTI, CITY OF CERES,**
**AND DOES 1-30**

84.    Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1 through 83 above, as though fully set forth herein.

85.    At all times, each Defendant owed Plaintiff the duty to act with due care in the

execution and enforcement of any right, law, or legal obligation and each Defendant owed

Plaintiff the duty to act with reasonable care.  These general duties of reasonable care and due

care owed to Plaintiff by all Defendants include, but are not limited to, the following specific

obligations:

      a.    To refrain from using excessive and/or unreasonable force against
         Yesenia Jimenez;

b.     To refrain from unreasonably creating the situation where force is used;

c.     To refrain from abusing the authority granted to Defendants by law;

d.     To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

86.     Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendant CITY OF CERES and Does 1-30 include, but are not limited to, the following:

a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.     to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including those of Plaintiff;

c.     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

87.     Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

88.     As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

**ELEVENTH CAUSE OF ACTION**
**-- NEGLIGENT HIRING, AND/OR SUPERVISION, AND/OR RETENTION --**
**AGAINST CITY OF CERES AND DOES 1-30**

89.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 88 above, as though fully set forth herein.

90.     Defendant Ortiz was unfit or incompetent to perform the police work for which he was hired; the CITY OF CERES knew or should have known that Defendant Ortiz was unfit

or incompetent and this unfitness or incompetence created a particular risk to others, including citizens with whom he would come into contact; Defendant Ortiz's unfitness or incompetence harmed Plaintiff; and, the CITY OF CERES's negligence in hiring, and/or supervising, and/or retaining Defendant Ortiz was a substantial factor in causing Plaintiff's harm.

91.     As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

## TWELFTH CAUSE OF ACTION
## -- 42 U.S.C. § 1983 --
## AGAINST INDIVIDUAL STANISLAUS COUNTY EMPLOYEES DOES 30-40, CORRECT CARE SOLUTIONS, LLC., AND DOES 41-50

92.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 91 above, specifically including ¶¶ 29-33, as though fully set forth herein.

93.     By the actions and omissions described above, Defendants COUNTY OF STANISLAUS DOE guard(s)/deputy/deputies and CCS nurse, and/or DOES 30 THROUGH 50 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the Eighth and Fourteenth Amendments to the U.S. Constitution:

    a.  Plaintiff's substantive due process right as a pretrial detainee under the Fourteenth Amendment to be provided care for serious medical needs and/or to not have officials remain and/or act deliberately indifferent to Plaintiff's serious medical needs;

    b.  Plaintiff's right under the Eighth Amendment to not have officials remain deliberately indifferent or act with deliberate indifference to Plaintiff's serious medical needs.

94.     COUNTY OF STANISLAUS is not sued as a Defendant in this cause of action; only to-be-identified COUNTY OF STANISLAUS employees are named and sued.

95.     The failure to intervene, prevent, or stop the violations on the part of any to be named CCS and/or DOE Defendants, and/or supervisors that were in a position to do so when such violations occurred renders such Defendant(s) liable for these violations.

96.     As a proximate result of the foregoing violations, Plaintiff Yesenia Jimenez sustained injuries and damages, as set forth above, in ¶ 37.  Plaintiffs is, therefore, entitled to

**SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND: 1:13–CV–01200–LJO–SMS**     24

damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

**THIRTEENTH CAUSE OF ACTION**
**-- FAILURE TO SUMMON/FURNISH MEDICAL CARE:  Gov. Code, § 845.6 --**
**AGAINST DEFENDANTS ORTIZ, CRANE, STANISLAUS COUNTY, CORRECT**
**CARE SOLUTIONS, LLC., AND DOES 30-50**

97.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 96 above, specifically including ¶¶ 29-33, as though fully set forth herein.

98.    The Defendants named in this cause of action owed Plaintiff a duty under Government Code section 845.6 to take reasonable action to summon and/or furnish medical care because they knew or had reason to know that Plaintiff was in need of immediate medical care.

99.    This duty was breached because Defendants failed to take reasonable action to summon immediate medical care for Plaintiff.

100.    As a direct and proximate result of the foregoing breach, Plaintiff sustained injury and damages; thus, Plaintiff is entitled to damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;
2.    Exemplary and punitive damages against individual Defendants only under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable;
3.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;
4.    For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1 (h) and under California Code of Civil Procedure § 1021.5;
5.    For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by California and/or federal law;
6.    For injunctive relief against the CITY OF CERES; and,
7.    For such other and further relief as the Court deems just and proper.

//
//
//
//

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 23, 2014                          Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**


*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
Attorney for Plaintiff
YESENIA JIMENEZ