Cornelius J. Callahan, Esq., SBN 202585
Stephanie Y. Wu, Esq., SBN 268948
**BORTON PETRINI, LLP**
201 Needham Street
Modesto, California 95354
Tel: (209) 576-1701
Fax: (209) 527-9753

*Attorneys for Defendants,*
CITY OF CERES, FREDERICO ORTIZ, JR.,
BRIAN ALBONETTI, and PATRICK CRANE

Sanjay S. Schmidt, Esq., SBN 247475
**LAW OFFICE OF SANJAY S. SCHMIDT**
1686 Second Street, Suite 219
Livermore, California 94550
Tel: (925) 215-7733
Fax: (925) 455 -2486

*Attorneys for Plaintiff,*
YESENIA JIMENEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA JIMENEZ,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF CERES, a municipal corporation, CERES POLICE OFFICERS, Federico Ortiz, Jr., Individually, Brian Albonetti, Individually, CERES POLICE SGT. Patrick Crane, in his individual and official capacities, COUNTY OF STANISLAUS, CORRECT CARE SOLUTIONS, LLC., and DOES 1 THROUGH 50, Jointly and Severally,<br><br>            Defendants. | Case No. 1:13-CV-01200-LJO-SMS<br><br>**STIPULATION AND PROTECTIVE ORDER** |

## STIPULATION

Defendants CITY OF CERES, Officer FREDERICO ORTIZ, JR., Officer BRIAN ALBONETTI, and Sergeant PATRICK CRANE (collectively "Defendants") in good faith believe that the following materials are (1) confidential, sensitive, or potentially invasive of an individual's privacy interests; (2) not generally known; (3) not normally revealed to the public or third parties, or, if disclosed to third parties, would require such third parties to maintain the information in confidence; and (4) qualify for protection under Federal Rule of Civil Procedure 26(c) or are otherwise protected by the federal common law privacy and/or official information privilege ("Confidential Information"):

A.     <u>Protected Documents</u>: Documents containing Confidential Information, including but not

limited to documents concerning, relating, reflecting, or referring to, personal information and history, background investigations, hiring, appointment, termination, promotions, demotions, discipline, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, and charges and findings of misconduct, along with any other documents contained in the personnel records of persons employed by City of Ceres Police Department, ("Protected Documents").

B. <u>Protected Information</u>: Confidential Information and information contained in the Protected Documents, regardless of the medium or manner in which it is produced, generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or response to discovery in this matter ("Protected Information").

IT IS HEREBY STIPULATED by, among and between Plaintiff YESENIA JIMENEZ and Defendants (collectively the "Parties"), through their counsels of record, that the Protected Documents and Protected Information described herein (collectively, "Protected Material") may be designated as confidential by Defendants and produced and/or disclosed subject to this Stipulation and Protective Order:

1. <u>Scope</u>. The Protected Material shall be used solely in connection with the civil case <u>Yesenia Jimenez v. City of Ceres, a municipal corporation, Ceres Police Officers, Federico Ortiz, Jr., Individually, Brian Albonetti, Individually, Ceres Police Sgt. Patrick Crane, in his individual and official capacities, County of Stanislaus, Correct Care Solutions, LLC., and Does 1 through 50, Jointly and Severally</u> (Case No. 1:13-CV-01200-LJO-SMS) (the "Action") and in the preparation and trial of the case, or any related proceeding. The Parties do not waive any objections to the admissibility of the information, documents or portions thereof in future proceedings in this Action, including trial.

The protections conferred by this Stipulation and Protective Order not only cover Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to Plaintiff or becomes part of the public domain after its disclosure to Plaintiff as a result of publication not involving

a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to Plaintiff prior to the disclosure or obtained by Plaintiff after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to Defendants.

2. <u>Designation of Protected Material as Confidential</u>.  A party producing Protected Material described herein may designate those materials as confidential by affixing a mark labeling them "Confidential-Per Protective Order," provided that such marking does not obscure or obliterate the content of any record.  If any Protected Materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential-Per Protective Order" on its exterior.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose Defendants to sanctions.  If it comes to a Defendants' attention that information or items that it designated for protection do not qualify for protection, Defendants must promptly notify Plaintiff that it is withdrawing the mistaken designation.

Personal information of the City of Ceres Police Department's personnel contained in Protected Documents, such as personal contact information, information concerning or arising out of the personnel's familial relationships and other personal relationships and contacts, non-law enforcement employment history and personal history, financial and credit information, birthdate, and social security number, and other similar information may be redacted by Defendants with black markings.  The names and telephone numbers of third parties (non-City of Ceres Police Department personnel), such as witnesses interviewed or referenced in IA files, shall not be redacted.

3. <u>Disclosure of Protected Materials</u>.  Protected Materials designated under this Stipulation and Protective Order as confidential may only be disclosed to the following persons:

(a) Sanjay S. Schmidt, Esq. of LAW OFFICE OF SANJAY S. SCHMIDT, as counsel of record for Plaintiff ("Plaintiff's Counsel"), along with paralegal, clerical, and secretarial personnel regularly employed by Plaintiff's Counsel, including stenographic deposition reporters

or videographers retained in connection with this Action;

 (b) Court personnel, including stenographic reporters or videographers engaged in or necessarily incidental to court proceedings;

 (c) Any expert, consultant, or investigator retained by the Parties in connection with this Action;

 (d) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

 (e) Witnesses during their depositions in this Action.

Prior to the disclosure of any Protected Material to any person identified in this paragraph 3, subparts (b)-(e), each such recipient of Protected Material shall be provided with a copy of this Stipulation and Protective Order, which he or she shall read. Such persons must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, including without limitation any proceeding for contempt. Upon reading this Stipulation and Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Yesenia Jimenez v. City of Ceres, et al.,</u> Case No. 1:13-CV-01200-LJO-SMS, and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

Provisions of this Stipulation and Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiff's counsel shall be responsible for internally tracking the identities of those individuals to whom he discloses Protected Material. Defendants may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that any of the other parties to this actions, or agents thereof, have breached the terms of the Stipulation and Protective Order.

 4. <u>Filing Protected Material</u>. As to all Protected Material properly designated as confidential pursuant to this Stipulation and Protective Order, the Parties agree that they will seek permission from the Court to file said material under seal according to Local Rule 141. If permission is granted, the Protected Material will be filed and served in accordance with Local Rule 141.

 5. <u>Right to Assert Objections</u>. The designation of Protected Material as confidential and the subsequent production/disclosure thereof is without prejudice to the right of any party to object to or

otherwise oppose the admissibility or use of said material.

6. <u>Challenging Confidentiality Designations</u>. A party may apply to the Court for an order that Protected Material designated as confidential does not, in fact, qualify as Confidential Information. Prior to applying to the Court for such an order, the party seeking to reclassify the Protected Materials designated confidential shall meet and confer with Defendants. Until the matter is resolved by the Parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulation and Protective Order. Defendants shall have the burden of establishing the propriety of the designation of Protected Materials as confidential. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made and a failure to do so shall not preclude a subsequent challenge thereto.

7. <u>Copies of Protected Material.</u> The following procedures shall be utilized by the parties in production of Protected Material designated as confidential:

   (a) Plaintiff's Counsel shall receive one copy of the Protected Material at no charge.

   (b) Plaintiff's Counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any Protected Material to any source, except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for Defendants.

   (c) If Plaintiff's Counsel in good faith requires additional copies of the Protected Material in preparation of their case, they shall make a further request to counsel for Defendants. Upon agreement with counsel for Defendants, copies will be produced in a timely manner to the Plaintiff's counsel, pursuant to the procedures of this Stipulation and Protective Order. Agreement shall not be unreasonably withheld by counsel for Defendants.

8. <u>Deposition Transcripts</u>. If any Protected Material designated as confidential pursuant to this Stipulation and Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulation and Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 2 of this Stipulation and Protective Order. Only individuals who are authorized by this Stipulation and Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.     Media.  Protected Material designated as confidential pursuant to this Stipulation and Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio, internet, and television media, except as to Protected Material that the Court has ruled will be admitted at trial or was, in fact, admitted into evidence at trial, provided that it has not been filed under seal or otherwise limited from such disclosure by the Court.

10.     Inadvertent Disclosures.  Should any Protected Material designated as confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulation and Protective Order, the disclosing person(s) and Plaintiffs' Counsel shall promptly (a) inform counsel for Defendants of the identity of the recipient(s) of such materials and the circumstances of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Materials, and (c) inform the recipient(s) of this Stipulation and Protective Order and use its best efforts to bind the recipient(s) to the terms thereof.

No Protected Material shall lose its designation as confidential because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Stipulation and Protective Order.  In addition, any Protected Material produced/disclosed by Defendants does not lose its designation as confidential due to any inadvertent or unintentional failure to designate such materials as confidential.  In the event that Defendants make any such inadvertent production/disclosure, the Protected Material will be identified accordingly and marked confidential in accordance with Paragraph 2 above, and a copy of the marked materials will be provided to Plaintiff's Counsel.  Upon receipt of the aforementioned marked documents, Plaintiff's Counsel and any other persons to whom said counsel disclosed such Protected Materials, in their previously un-marked form, will return the unmarked version of the materials to counsel for Defendants within fourteen (14) days.

11.     Final Disposition.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until Defendants, and each of them, agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, (2) termination of this Action following settlement, or (2) final judgment, final order, or final decree terminating this Action, after the completion and exhaustion of all appeals, rehearings, remands,

trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

After the final disposition of this Action, as defined in this paragraph 11, hereinabove, all Protected Materials, in whatever form stored or reproduced, containing confidential information will remain confidential.  All Protected Materials produced to Plaintiffs' Counsel pursuant to this Stipulation and Protective Order shall be returned to counsel for Defendants in a manner in which the latter will be able to reasonably verify that all materials were returned.  All Parties agree to ensure that all persons to whom Protected Materials were disclosed shall be returned to counsel for Defendants.

No later than thirty (30) days after the final disposition of this Action, as defined in this paragraph 11, hereinabove, all persons having received Protected Materials shall return said materials to counsel for Defendants.

This Stipulation and Protective Order shall remain in full force and effect and shall continue to be binding on all Parties and affected persons until final disposition in this Action, subject to any subsequent modifications of this Stipulation and Protective Order, by stipulation of the Parties or for good cause shown, by this Court or any Court having jurisdiction over this Action, including an appeal of this Action.  Upon final disposition in this Action, the Parties agree that this Stipulation and Protective Order shall continue in force as a private agreement between the Parties.

12.   During the pendency of this Action, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated:  May 16, 2014                                     Dated:  May 16, 2014

**LAW OFFICE OF SANJAY S. SCHMIDT**        **BORTON PETRINI, LLP**

By: */s/ Sanjay S. Schmidt*                              By: */s/ Stephanie Y. Wu*
    Sanjay S. Schmidt                                              Stephanie Y. Wu
    *Attorneys for Plaintiff,*                                     *Attorneys for Defendants,*
    YESENIA JIMENEZ                                               CITY OF CERES, FREDERICO ORTIZ, JR.,
                                                              BRIAN ALBONETTI, and PATRICK CRANE

## **ORDER**

Upon review of the Parties' Stipulation, as set forth hereinabove, the Court hereby adopts the above Stipulation as an Order of this Court.

**IT IS SO ORDERED.**

Dated:  8/8/2014                              /s/ SANDRA M. SNYDER
                                              UNITED STATES MAGISTRATE JUDGE